UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRAVIS SHAWN DUNN                                                   CIVIL ACTION

VERSUS                                                              NO. 20-425-SDD-SDJ

STATE OF LOUISIANA THROUGH
THE DEPARTMENT OF PUBLIC
SAFETY & CORRECTIONS, et al.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 26, 2021.

_____
SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRAVIS SHAWN DUNN                CIVIL ACTION

VERSUS                NO. 20-425-SDD-SDJ

STATE OF LOUISIANA THROUGH
THE DEPARTMENT OF PUBLIC
SAFETY & CORRECTIONS, et al.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (R. Doc. 7) filed by Plaintiff, Travis Shawn Dunn, on July 31, 2020. In his Motion to Remand, Plaintiff seeks remand of this matter to the 18th Judicial District Court for the Parish of Iberville, State of Louisiana or, in the alternative, seeks to have his state-based claims against the State of Louisiana and the Defendants acting in their official capacities severed from his federal law claims and remanded to State Court.[1] Plaintiff further seeks, as a third alternative, that this Court deem removal by Defendants to be an express waiver of their Eleventh Amendment immunity and retain this case, exercising supplemental jurisdiction over any state law claims.[2] Defendants, State of Louisiana through the Department of Public Safety and Corrections, Elayn Hunt Correctional Center, Warden Timothy Hooper, Assistant Warden Todd Barrer, Assistant Warden Kirt Guerain, Colonel Eric Hinyard, Major Donald Johnson, Sergeant Joubert, and Cadet Cain, oppose remand, filing a Memorandum in Opposition to Plaintiff's Motion to Remand on August 19, 2020. (R. Doc. 13).[3]

For the reasons that follow, it is recommended that Plaintiff's Motion to Remand (R. Doc. 7) be **denied**.

---

[1] R. Doc. 7 at 1-2 ¶¶ 3-4.
[2] *Id.* at 2 ¶ 5.
[3] The Court notes that in the Amended Complaint filed by Plaintiff on December 18, 2020 (R. Doc. 28), Plaintiff added Sergeant Damesha Johnson as a named Defendant.

I.      **Factual and Procedural Background**

This cases arises from injuries Plaintiff sustained while he was incarcerated at Elayn Hunt Correctional Center.[4] As alleged by Plaintiff, on May 17, 2019, he had a verbal disagreement with Defendant Sergeant Johnson who, during the argument, allegedly threatened Plaintiff with physical harm.[5] The following day, Defendant Cadet Cain released several inmates from their cells, which inmates then opened Plaintiff's unlocked cell door and began attacking him, beating him and stabbing him in the face, throat, and side.[6] During the attack, Plaintiff screamed for help and called out to Defendants Sergeant Johnson, Sergeant Joubert, and Cadet Cain, whom Plaintiff could see on the other side of the closed tier door.[7] Following the attack, Plaintiff continued calling for help and requested medical attention.[8] However, help was not provided, with "Sergeant Johnson and/or Cadet Cain" ordering Plaintiff to return to his cell.[9] Plaintiff alleges that, while in his cell, he lost consciousness.[10] The Pill Nurse making rounds later that day found Plaintiff and called for emergency medical services.[11] Plaintiff subsequently was treated in the Intensive Care Unit of a nearby hospital.[12]

On March 22, 2020, Plaintiff filed suit against Defendants in the 18th Judicial District Court.[13] In his Petition, Plaintiff brings claims against Defendants under both federal and state law.[14] Defendants then filed their Notice of Removal (R. Doc. 1) with this Court, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331, as certain of Plaintiff's claims arise under

---

[4] R. Doc. 7-1 at 1.
[5] *Id.*
[6] *Id.* at 1-2.
[7] *Id.* at 2.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] R. Doc. 1-4.
[14] *Id.* at 10 ¶¶ 44, 45, and 47.

federal law.[15]  In response, on July 31, 2020, Plaintiff filed the instant Motion to Remand (R. Doc. 7), to which Defendants filed their Memorandum in Opposition (R. Doc. 13) on August 19, 2020.

## II.    Parties' Arguments

In his Motion to Remand, noting that this case "contains mixed claims stemming from both federal and state law,"[16] Plaintiff argues that the state-law claims asserted against the State of Louisiana and other Defendants acting on behalf of the State in their official capacities are not subject to federal court subject matter jurisdiction absent a waiver of Eleventh Amendment immunity.[17]  Per Plaintiff, "the State of Louisiana has previously removed actions to federal court only to unfairly follow-up such removal with a Motion to Dismiss asserting Eleventh Amendment immunity."[18]  As such, Plaintiff argues that, should this Court find that removal of this case constitutes a waiver, "Defendants should be estopped from arguing Eleventh Amendment immunity in any future 12(b) Motion to Dismiss."[19]  Plaintiff therefore, "in the interests of judicial efficiency," seeks to have the entire matter remanded to state court.[20]  However, in the alternative, Plaintiff seeks to have the state-law claims severed from the remaining federal-law claims and have only those claims remanded to state court, or, as a further alternative, have this Court retain jurisdiction over this matter, finding Defendants' removal of this case to be an express waiver of Eleventh Amendment immunity.[21]

Defendants, in response, claim that removal was proper because this Court has federal question jurisdiction over causes of action created by federal law, including 42 U.S.C. § 1983,

---

[15] R. Doc. 1 at 2 ¶ 4.  Plaintiff asserts violations of 42 U.S.C. §§ 1981, 1983, and 1988, as well as of the Eighth and Fourteenth Amendments. *Id.* at 2 ¶ 3.
[16] R. Doc. 7 at 1 ¶ 1.
[17] *Id.* at 1 ¶ 2.
[18] R. Doc. 7-1 at 8.
[19] *Id.* at 10.
[20] R. Doc. 7 at 1 ¶ 3.
[21] *Id.* at 1-2 ¶¶ 4-5.

pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.[22] Per Defendants, "[a]ll claims arise out of Defendants' alleged conspiratorial, unconstitutional, and/or negligent conduct with respect to an alleged attack on Plaintiff at Elayn Hunt Correctional Center on May 18, 2019."[23] Further, because the state law claims do not "substantially predominate" over the federal law claims under the facts alleged, Defendants have met all removal requirements such that neither remand nor severance is appropriate.[24] With regard to their potential Eleventh Amendment immunity, Defendants argue that "[t]he existence of claims filed in state court that may invoke a state defendants' defense of sovereign immunity is not a bar to removal" and that "no express or judicially declared waiver is required or necessary upon removal."[25] And should Defendants subsequently assert an Eleventh Amendment immunity defense, "via dispositive motion or otherwise," the "Fifth Circuit's jurisprudential guidance would control."[26]

### III. Law and Analysis

A party may remove an action from state court to federal court if the action is one over which the federal court has subject matter jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id.* (citations omitted). "Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Bartel v. Am. Export Isbrandtsen*, 64 F.Supp.3d 856, 862 (M.D. La. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

---

[22] R. Doc. 13 at 2.
[23] *Id.* at 3.
[24] *Id.*
[25] *Id.* at 4.
[26] *Id.*

Here, Plaintiff admits that "[t]here are no procedural challenges made regarding the underlying removal."[27] Plaintiff also concedes "that certain of his claims arise pursuant to federal laws, specifically his right to recover damages for violations of his Constitutional rights pursuant to 42 U.S.C. §§ 1981, *et seq*."[28] This Court, therefore, has federal question jurisdiction over those claims under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See also Weatherspoon v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 17-98, 2017 WL 2486363, at *4 (M.D. La. May 19, 2017) (court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over § 1983 claims).

In addition to his federal law claims, Plaintiff also has asserted state law claims for negligence against certain Defendants.[29] 28 U.S.C. § 1367 allows this Court, "in any civil action of which the district courts have original jurisdiction," to exercise supplemental jurisdiction over claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, a district court may decline to exercise supplemental jurisdiction over such a claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). The Parties do not assert, and the Court does not find, that any of these exceptions are present here.

---

[27] R. Doc. 7-1 at 4.
[28] *Id.* at 3.
[29] *Id.*

In the instant matter, Plaintiff has filed suit against the State of Louisiana through the Department of Public Safety and Corrections as well as individuals in their official capacities as employees thereof, raising the issue of Eleventh Amendment immunity. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." It, therefore, "prevents a state from being sued in federal court by its own citizens, citizens of other states, and foreign nations." *Williams v. Louisiana*, No. 17-453, 2019 WL 1003645, at *3 (M.D. La. Feb. 28, 2019) (citations omitted). "Eleventh Amendment immunity is triggered when a citizen brings a suit against his/her own state in federal court" and "bars a suit against state officials when the state is the real, substantial party in interest." *Cooper v. Kliebert*, 14-507, 2014 WL 7334911, at *2 (M.D. La. Dec. 19, 2014) (internal quotations and citations omitted). The question here, then, is whether this Court has jurisdiction over this suit given the potential implications of Eleventh Amendment immunity of certain Defendants. More specifically, the question is whether the fact that Defendants voluntarily removed this case to federal court has any effect on their potential Eleventh Amendment immunity.

According to the Fifth Circuit, a state's immunity from suit is not absolute. *Union Pac. R.R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011) (citing *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999)). The Supreme Court has recognized a few circumstances in which an individual may sue a state in federal court. *Id.* (citing *Coll. Sav. Bank*, 527 U.S. at 670). Relevant to the case here is that "a state may waive its immunity by voluntarily consenting to suit," meaning "waiver is present if the state voluntarily invokes federal-court jurisdiction or if it makes a 'clear declaration'

that it intends to submit to federal jurisdiction." *Id.* (citing *Coll. Sav. Bank*, 527 U.S. at 670, 675-76; *Meyers ex rel. Benzing v. Texas,* 410 F.3d 236, 241 (5th Cir.2005)). Thus, the central issue here is whether the State of Louisiana through the Department of Public Safety and Corrections and any official capacity Defendants waived their Eleventh Amendment immunity by removing this case to federal court.

In *Lapides v. Board of Regents of the University System of Georgia*, the Supreme Court considered "whether a state waives its Eleventh Amendment immunity by its affirmative litigation conduct when it removes a case to federal court" in "the context of state-law claims, in respect to which the State has explicitly waived immunity from state-court proceedings." *Lapides*, 535 U.S. 613, 617, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002). Finding that "the State's action joining the removing of [the] case to federal court waived its Eleventh Amendment immunity," the *Lapides* Court explained, "where a State *voluntarily* becomes a party to a cause and submits its rights for judicial determination, it will be bound thereby and cannot escape the result of its own voluntary act by invoking the prohibitions of the Eleventh Amendment." *Id.* at 619, 624 (quoting *Gunter v. Atlantic Coast Line R.R. Co.*, 200 U.S. 273, 284, 26 S.Ct. 252, 50 L.Ed. 477 (1906)) (emphasis in original).

As this Court previously has recognized in *Williams v. Louisiana*, following *Lapides*, the Fifth Circuit, in the *Meyers ex rel. Benzing v. Texas* case, "extended the waiver of sovereign immunity" by finding that "removal of private suits by the state on federal law claims constitutes a valid waiver of the state's sovereign immunity." *Williams*, 2019 WL 1003645, at *4 (citing *Meyers ex rel Benzing*, 410 F.3d at 248); *see also Skinner v. Gragg*, 650 F.App'x 214, 218 (5th Cir. 2016). Subsequently, the Fifth Circuit applied this same rule to claims brought under 42 U.S.C. § 1983. *Spooner v. Jackson*, 251 F.App'x 919, 924 (5th Cir. 2007) (finding the State of

Louisiana and the Department of Public Safety and Corrections waived sovereign immunity under the Eleventh Amendment by removing the case, which brought claims under 42 U.S.C. § 1983, to federal court). Based on this precedent, this Court found that removal of the case to federal court by the defendant the State of Louisiana, through the Department of Public Safety and Corrections, "constitute[d] a waiver of its sovereign immunity." *Williams*, 2019 WL 1003645, at *4.

However, the *Williams* Court did not end its inquiry there, noting that in *Meyers*, "the Fifth Circuit recognized that 'a sovereign enjoys two kinds of immunity that it may choose to waive or retain separately—immunity from suit and immunity from liability'." *Id.* (citing *Meyers ex rel. Benzing*, 410 F.3d at 252-53). According to the Fifth Circuit in *Meyers*, "the Constitution permits and protects a state's right to relinquish its immunity from suit while retaining its immunity from liability, or vice versa, but that it does not require a state to do so." 410 F.3d at 255. Based on this distinction, the *Meyers* court found that, while the state of Texas, defendant therein, had waived its immunity from suit in federal court by removing the case to federal court, the question of whether Texas "retained a separate immunity from liability is an issue that must be decided according to that state's law." *Id.*; *see also Williams*, 2019 WL 1003645, at *4.

The Fifth Circuit later clarified this holding by explaining, in affirming its ruling in *Meyers* on rehearing, "when a State removes to federal court a private state court suit based on a federal-law claim, it invokes federal jurisdiction and thus waives its unqualified right to object peremptorily to the federal district court's jurisdiction on the ground of state sovereign immunity." *Meyers ex rel. Benzing*, 454 F.3d 503, 504 (5th Cir. 2006), *aff'g on reh'g* 410 F.3d 236; *see also Williams*, 2019 WL 1003645, at *4. But, per the Fifth Circuit, "that waiver does not affect or limit the State's ability to assert whatever rights, immunities or defenses are provided for by its own sovereign immunity law to defeat the claims against the State finally and on their merits in the

federal courts." *Id.*; *see also Williams*, 2019 WL 1003645, at *4. Based on this Fifth Circuit precedent, this Court in *Williams* held that Louisiana's removal of the case to federal court waived its immunity from suit with regard to official capacity § 1983 claims but that the State still could prove its immunity from liability on those same claims. *Williams*, 2019 WL 1003645, at *4

The facts here are similar to those in the *Williams* case, recently decided by this Court. In *Williams*, which came before this Court on a motion to dismiss rather than a motion to remand, Plaintiff filed suit in state court against the State of Louisiana and the Department of Public Safety and Corrections, Office of Probation and Parole, as well as various state officials, seeking damages under Louisiana state law. 2019 WL 1003645, at *1. Plaintiff subsequently amended his complaint to assert a claim under 42 U.S.C. § 1983, after which the defendants removed the case to federal court. *Id.* at **1-2. Plaintiff then filed a second amended complaint, asserting state law constitutional and tort claims as well as § 1983 claims against the State of Louisiana, DPSC, and various state officers in their official and, for some, individual capacities. *Id.* at *2. Defendants subsequently filed a motion to dismiss, which plaintiff opposed, arguing, *inter alia*, that Defendants waived their Eleventh Amendment immunity by removing the case to federal court. *Id.* As set forth above, this Court then determined the effect of removal on the State's Eleventh Amendment immunity, finding that removal "waived its immunity *from suit* in regards to the official capacity § 1983 claims, but the State may still prove that it has immunity *from liability* on these claims." *Id.* at *4 (emphasis in original).

In advocating that, if Defendants are found to have waived their Eleventh Amendment immunity in removing this case to federal court, they should "be estopped from arguing Eleventh Amendment immunity at a later time,"[30] Plaintiff cites to *Hicks v. Department of Public Safety &*

---

[30] R. Doc. 7-1 at 7.

*Corrections*, No. 19-108, 2020 WL 428116 (M.D. La. Jan. 27, 2020), a case recently decided by this Court. Per Plaintiff, the *Hicks* case is an example of the State of Louisiana removing an action to federal court "only to unfairly follow-up such removal with a Motion to Dismiss asserting Eleventh Amendment immunity."[31] In *Hicks*, the plaintiff filed suit against the Louisiana Department of Public Safety and Corrections as well as the Secretary of the DPSC and an employee of the DPSC, both in their official and individual capacities, bringing both federal law and state law claims against the defendants. 2020 WL 428116 at *2. Following removal of the case to federal court, the defendants filed a motion to dismiss the plaintiff's federal claims, arguing, in part, that they were barred by Eleventh Amendment sovereign immunity. *Id.* The plaintiff, however, argued that the defendants waived sovereign immunity when they removed the case to federal court. *Id.* at *3. The *Hicks* court adopted the reasoning and findings of the *Williams* court, finding waiver of DPSC's immunity from suit, but then considered the defendant's argument that monetary claims under § 1983 against DPSC and the official capacity defendants must be dismissed because they are not "persons" within the meaning of § 1983. *Id.* at *5. The *Hicks* court agreed with the defendants, finding that to the extent the plaintiff was asserting § 1983 claims for monetary damages against the DPSC and official capacity defendants, those claims were barred and dismissed with prejudice. *Id.* at **5-6.

Per Plaintiff, this Court in *Hicks* "determined that the removal by the State operated as an express waiver of Eleventh Amendment immunity," and "Plaintiff submits that an identical finding is required for the totality of the claims to continue before this Honorable Court."[32] However, the *Hicks* court, as stated, cited the findings of this Court in *Williams*, which clearly delineated the parameters of the waiver of Eleventh Amendment immunity resulting from removal of a case to

---

[31] *Id.* at 8.
[32] R. Doc. 7-1 at 8.

federal court, namely that while removal to federal court waives "immunity from suit," "that waiver does not affect or limit the State's ability to assert whatever rights, immunities or defenses are provided for by its own sovereign immunity law to defeat the claims against the State finally and on their merits in the federal court." *Hicks*, 2020 WL 428116 at *5 (quoting *Williams*, 2019 WL 1003645, at *5 (emphasis omitted).

Based on this legal precedent, the Court here finds that State of Louisiana through the Department of Public Safety and Corrections, as well as any other Defendant with potential Eleventh Amendment immunity, have waived their immunity only from suit in federal court by voluntarily removing this litigation to this Court. Whether the State of Louisiana and the "official capacity" Defendants are immune from liability under the Eleventh Amendment is not a question currently before the undersigned, and the Court will not determine that here. The Court, therefore, at this time rejects Plaintiff's assertion that if the Court determines removal "equates to a waiver, then Defendants should be estopped from arguing Eleventh Amendment immunity in any future 12(b) Motion to Dismiss."[33]

## II. Conclusion and Recommendation

For the reasons set forth above, **IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 7) be **DENIED**.

Signed in Baton Rouge, Louisiana, on February 26, 2021.

                                                                  **SCOTT D. JOHNSON**
                                                                  **UNITED STATES MAGISTRATE JUDGE**

---

[33] R. Doc. 7-1 at 10.