# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

TRAVIS SHAWN DUNN

VERSUS

STATE of LOUISIANA
through the DEPARTMENT
OF PUBLIC SAFETY AND
CORRECTIONS, *et al*

CIVIL ACTION

20-425-SDD-SDJ

## RULING

Before the Court are two *Motions*: the *Re-Urged 12(b)(6) Partial Motion to Dismiss*[1] filed by Defendants, the State of Louisiana through the Department of Public Safety and Corrections ("DPSC"), Elayn Hunt Correctional Center ("EHCC"), Warden Timothy Hooper ("Warden Hooper"), Assistant Warden Todd Barrere ("Barrere"), Assistant Warden Kirt Guerain ("Guerain"), Colonel Eric Hinyard ("Hinyard"), Major Donald Johnson ("Major Johnson"), Sergeant Samantha Joubert ("Joubert"), and Cadet Unknown Cain ("Cain"); and the *12(b)(6) Partial Motion to Dismiss*[2] filed by Defendant Sergeant Damesha Johnson ("Johnson" or "Sergeant Johnson"). Plaintiff Travis Shawn Dunn ("Dunn" or "Plaintiff") filed an *Opposition* to both *Motions*,[3] and Defendants filed one *Reply*.[4] For the reasons that follow, both *Motions*[5] shall be GRANTED and Dunn granted leave to amend his *Complaint* once more.

---

[1] Rec. Doc. No. 31.
[2] Rec. Doc. No. 33.
[3] Rec. Doc. No. 35; Rec. Doc. No. 36.
[4] Rec. Doc. No. 37.
[5] Rec. Doc. No. 31; Rec. Doc. No. 33.
68633

I.    **FACTUAL BACKGROUND**[6]

This case arises out of injuries that Plaintiff Travis Shawn Dunn sustained while incarcerated at Elayn Hunt Correctional Center in St. Gabriel, Louisiana. Dunn alleges that on May 17, 2019, he had a verbal disagreement with Defendant Sergeant Johnson who, during the argument, allegedly threatened Plaintiff with physical harm. The following day, Defendant Cadet Cain allegedly released several inmates from their cells, which inmates then opened Plaintiff's unlocked cell door and began attacking him, beating him and stabbing him in the face, throat, and side. During the attack, Plaintiff screamed for help and called out to Defendants Sergeant Johnson, Sergeant Joubert, and Cadet Cain, who Plaintiff could see on the other side of the closed tier door. Following the attack, Plaintiff continued calling for help and requested medical attention. However, help allegedly was not provided, with "Sergeant Johnson and/or Cadet Cain" ordering Plaintiff to return to his cell. Plaintiff alleges that, while in his cell, he lost consciousness. The Pill Nurse making rounds later that day found Plaintiff and called for emergency medical services. Dunn subsequently was treated in the Intensive Care Unit of a nearby hospital.

Dunn originally filed suit against Defendants in the 18th Judicial District Court.[7] Defendants filed a *Notice of Removal* to this Court, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331.[8] This Court denied a subsequent *Motion to Remand* filed by Dunn.[9] Defendants contend in the instant *Motion*s, among other arguments, that "the *Amended Complaint* is void of sufficient allegations of a factual nature to state a claim

---

[6] The following factual background is derived from the *Complaint* and previously appeared in the *Report and Recommendation* of Magistrate Judge Scott D. Johnson (Rec. Doc. No. 38).
[7] Rec. Doc. No. 1-4.
[8] Rec. Doc. No. 1.
[9] Rec. Doc. No. 38; Rec. Doc. No. 40.
68633

upon which relief can be granted as to certain causes of action asserted."[10] After reviewing the *Amended Complaint*, the parties' briefs, and the applicable law, the Court agrees with Defendants, for reasons explained more fully below. Because Dunn has not yet had an opportunity to make *substantive* amendments to his *Complaint*, the Court also finds that he shall be granted leave to amend.

## II.  LAW AND ANALYSIS

### A.  Motions to Dismiss

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[11] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[12] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[13]

In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[14] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid

---

[10] Rec. Doc. No. 31-1, p. 6.
[11] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dall. Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[12] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[13] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)).
[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
68633

of 'further factual enhancement.'"[15] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[17] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[18] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[19]

### B. Conspiracy Claims Under § 1983

"Federal courts view conspiracy claims under Section 1983 differently than similar claims under section 1985."[20] To state a Section 1983 conspiracy claim, a plaintiff must allege: (1) an agreement between a defendant and others, involving at least one person acting under color of state law to commit an illegal act; and (2) an actual deprivation of the plaintiff's constitutional rights in furtherance of that agreement.[21] A plaintiff who asserts a conspiracy claim under a civil rights statute must plead the operative facts upon which their claim is based.[22]

Plaintiff's Section 1983 conspiracy claim has a fatal flaw: the absence of any specific allegations of an agreement among the Defendants. The *Complaint* states in

---

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[16] *Id*.
[17] *Id*.
[18] *Taha v. William Marsh Rice Univ.*, 2012 WL 1576099 at *2 (S.D. Tex. 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[19] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[20] *Ryland v. Shapiro,* 708 F.2d 967, 974 (5th Cir. 1983).
[21] *See Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995); *see also Whisenant v. City of Haltom City*, 106 Fed. Appx. 915, 917, 2004 WL 1778247 at *1 (5th Cir. 2004).
[22] *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991).
68633

conclusory fashion that "As a result of Sergeant Damesha Johnson, Sergeant Samantha Joubert, and/or Cadet Cain's conspiracy to commit illegal acts against Travis Shawn Dunn, they are all liable. . ."[23] Dunn also alleges, vaguely, that "[t]he Defendants acted in combination and in concert to commit unlawful and unconstitutional acts against Plaintiff."[24] However, Dunn's factual allegations regarding the events of May 18, 2019 do not establish any interaction whatsoever among Defendants. Plaintiff alleges, without tying the events together, that Dunn had a verbal altercation with Sergeant Johnson, that Cadet Cain opened certain cells, and that Sergeant Johnson and Cain were "on the other side of the Tier door" along with Sergeant Joubert.[25] The Court agrees with Sergeant Johnson that "the operative facts pled tend to show that . . .each defendant engaged separate and distinct unlawful conduct,"[26] not that there was, as required by the doctrine, an agreement to violate Dunn's rights. The Court finds that Dunn's *Complaint* sets forth only the *possibility* of a conspiracy, without specific factual allegations of an agreement to render such a claim plausible.

This finding comports with the analysis of other courts who have considered the sufficiency of Section 1983 conspiracy pleading. In *Montgomery v. Walton*, the United States Court of Appeals for the Fifth Circuit held that the plaintiff had failed to state a Section 1983 conspiracy claim where his allegations took the following form:

> At points in this complaint, Montgomery alleges that the defendants 'act[ed] in concert,' 'agree[d]' to plant contraband, and 'elicited aid' from each other for the purpose of violating his civil rights. Most importantly, although he alleges there was an agreement—an agreement to kill or imprison him—these allegations are largely conclusory without any identification of time, date, or circumstance.[27]

---

[23] Rec. Doc. No. 28, p. 14-15.
[24] *Id*. at p. 14.
[25] *Id*. at p. 6-7.
[26] Rec. Doc. No. 37, p. 5.
[27] *Montgomery v. Walton*, 759 F. App'x 312, 314 (5th Cir. 2019).
68633

Arguably, Montgomery's allegations came closer to alleging conspiracy than the allegations in Dunn's *Complaint*, since Montgomery at least clearly stated that there was an agreement among the parties. Dunn also does not make any allegations regarding an "identification of time, date, or circumstance"[28] of the alleged agreement in this case, as the Fifth Circuit suggests is necessary to make out a claim. Nor does Dunn plead any "alleged common motive"[29] among the Defendants, another factor that the Fifth Circuit identified as contributing to the plausibility of a Section 1983 conspiracy claim.[30]

Similarly, another section of this Court held, in a factually analogous case, that Section 1983 claims that are "at best, speculative and conclusory"[31] cannot survive a motion to dismiss. In *Mitchell v. Thomas*, Judge John W. DeGravelles found that the plaintiff had failed to allege that "the Defendants reached an agreement or understanding to cause [him] harm"[32] where he alleged that a corrections officer signaled for another officer to open the plaintiff's cell, at which point the officers allowed an unshackled inmate to attack the plaintiff. Based on those allegations, the plaintiff argued that "it was obvious that [the officers] had conspired. . ."[33] The court disagreed, finding the allegations conclusory and speculative. The same can be said here. Dunn cannot merely allege that "[t]he Defendants acted in combination and in concert" – he must plead facts in support of that conclusion. He does not. Accordingly, Dunn's Section 1983 conspiracy claim shall be dismissed without prejudice. The Court does not reach the issue of whether or not that claim would be barred by the intracorporate conspiracy doctrine. In any event, the

---

[28] *Id.*
[29] *Id.* at 315.
[30] *See also Jackson v. City of Hearne, Tex.*, 959 F.3d 194, 206 (5th Cir. 2020).
[31] *Mitchell v. Thomas,* No. CV 17-00090-JWD-EWD, 2018 WL 4572667, at *5 (M.D. La. Sept. 24, 2018).
[32] *Id.*
[33] *Id.*
68633

allegations are too thin to permit a thorough analysis of whether any of the exceptions to that doctrine may apply.

1. <u>Claims Against Elayn Hunt Correctional Center ("EHCC")</u>

Defendants seek the dismissal of all federal and state law claims against Elayn Hunt Correctional Center, arguing that EHCC is not a legal entity capable of being sued under 42 U.S.C. § 1983 or state law. Indeed, it is well settled that in Louisiana, correctional centers do not have the juridical status to be sued.[34] Dunn agrees and does not oppose the dismissal of EHCC.[35] Accordingly, Defendants' *Motion* shall be granted on this point.

2. <u>Official Capacity Section 1983 Claims Against the State of Louisiana through DPSC, Warden Hooper, Warden Barrere, Assistant Warden Guerain, Colonel Hinyard, and Major Johnson</u>

In their *Motion to Dismiss*, Defendants raise several arguments for the dismissal of the Section 1983 claims against the above-listed parties, including qualified immunity and the fact that official capacity Section 1983 claims for money damages against state officials cannot be sustained as a matter of law.[36] In his *Opposition*, Dunn offers no opposition to the dismissal of these claims. In fact, he avers that Barrere, Guerain, Hinyard, and Johnson "are not the subject of Plaintiff's § 1983 claims"[37] at all, and concurs that "Defendants' *Motion* should be granted"[38] as to the State of Louisiana through DPSC, Warden Hooper, Warden Barrere, Assistant Warden Guerain, Colonel Hinyard, and Major Johnson. Accordingly, the Section 1983 claims against these parties shall be dismissed with prejudice.

---

[34] *See, e.g., Cartwright v. Goodwin*, 2018 WL 21249115 at *3 (W.D. La. Mar. 28, 2018).
[35] Rec. Doc. No. 35, p. 6.
[36] See, e.g., *Hicks v. Dept. of Pub. Safety and Corr.,* 2020 WL 428116 at *6 (M.D. La. 2020).
[37] Rec. Doc. No. 35, p. 11.
[38] Rec. Doc. No. 35, p. 17.
68633

### 3. State Law Negligence Claims

In his *Amended Complaint*, Dunn brings a negligence claim against the State through DPSC and Warden Tim Hooper, setting forth the following list of allegations in support of his claim:

1. Failure to properly hire, supervise, train and/or retain employees;
2. Failure to properly perform job duties;
3. Creating an unreasonably unsafe condition;
4. Failure to warn of unreasonably unsafe conditions;
5. Failure to adequately supervise;
6. Failure to institute and/or enforce reasonably adequate policies;
7. Failure to develop and/or maintain and enforce a custom, practice, or policy for the reasonable protection of inmates;
8. Failure to reasonably care for TRAVIS SHAWN DUNN;
9. Failure to provide reasonably adequate medical care and/or safe living conditions in violation of the Eighth and Fourteenth Amendments to the United States Constitution;
10. Negligent hiring, training, and/or retention of personnel;
11. Ignoring patterns of abuse;
12. Other acts of negligence and/or fault which may be shown through discovery at trial;
13. Generally, the failure to act with the required degree of care commensurate with the existing situation.

Defendants argue that these claims should be dismissed because they are "alleged in a conclusory manner."[39] The Court agrees. A list of alleged failures, without any factual

---

[39] Rec. Doc. No. 31-1, p. 12.
68633

support, does not suffice to move these claims into the realm of plausibility, beyond mere possibility. Although at this stage the Court is bound to construe the pleaded facts in the light most favorable to Plaintiff, Plaintiff has not, at least with respect to his negligence claim against DPSC and Hooper, provided any facts for the Court to construe. Therefore, his state law negligence claim against Hooper and DPSC shall be dismissed without prejudice.

As Defendants correctly point out, the *Amended Complaint* "does not specifically identify a negligence claim"[40] against Defendants Barrere, Guerain, Hinyard, or Johnson. Nevertheless, Plaintiff insists that Defendants' *Motion* should be denied on this point and the negligence claim against these parties allowed to remain in the action.[41] Based on the Court's review of the *Amended Complaint*, Dunn has not pled adequate facts to support this claim. The only allegations with respect to Barrere, Guerain, and Donald Johnson appear at the beginning of the *Complaint* where Dunn sets forth the various parties; the allegation that they were employed at Elayn Hunt at the time of the incident in question surely does not suffice to establish a plausibility of liability. As for Hinyard, Dunn offers only the conclusory allegation that he, along with another individual, "oversaw the investigation into the attack."[42] In his *Opposition* to the *Motion to Dismiss*, Dunn argues generally about the duty owed by prison personnel to provide "adequate supervision."[43] The Court does not disagree that such a duty exists, but it remains the case that more is required of the Plaintiff to survive a motion to dismiss. Namely, Plaintiff must plead factual content that demonstrates "more than a sheer possibility that the

---

[40] Rec. Doc. No. 31-1, p. 12.
[41] Rec. Doc. No. 35, p. 18.
[42] Rec. Doc. No. 24-2, p. 11.
[43] Rec. Doc. No. 35, p. 16.
68633

defendant has acted unlawfully."[44] Because he has failed to do so, the negligence claim against Defendants Barrere, Guerain, Hinyard, and Donald Johnson shall be dismissed without prejudice.

### C. Leave to Amend

Dunn has already amended his *Complaint* once, but the amendment was not substantive; the only change was to add Sergeant Damesha Johnson as a named party.[45] The Federal Rules of Civil Procedure provide that leave to amend should be "freely given when justice so requires,"[46] so the Court will allow Plaintiff to amend his complaint again, only as to the Section 1983 conspiracy claim. The Fifth Circuit has held that "unless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial."[47] Defendants do not argue that any of these reasons are present in this case, and the Court does not find them.

### III. CONCLUSION

For the above reasons, Defendants' *Re-Urged 12(b)(6) Partial Motion to Dismiss*[48] and Damesha Johnson's *12(b)(6) Partial Motion to Dismiss*[49] are hereby GRANTED. Dunn's Section 1983 conspiracy claim is dismissed without prejudice, as are his state law negligence claims against Defendants DPSC, Hooper, Barrere, Guerain, Hinyard, and Donald Johnson. Dunn's claims against Elayn Hunt Correctional Center and his official

---

[44] *Id*.
[45] Plaintiff sought leave to amend specifically to add Sgt. Johnson and noted in his *Motion for Leave* that "all material factual allegations and legal theories of liability remain consistent with those previously plead" in the original complaint. (Rec. Doc. No. 24, p. 2).
[46] Fed. R. Civ. P. 15(a).
[47] *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999).
[48] Rec. Doc. No. 31.
[49] Rec. Doc. No. 33.
68633

capacity Section 1983 claims against all Defendants are hereby dismissed with prejudice. Plaintiff's individual capacity Section 1983 claims against Defendants Guerain, Barrere, Hinyard, and Johnson are also dismissed with prejudice. Plaintiff shall file an *Amended Complaint*, if any, within 30 days of this *Ruling*.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>July 28, 2021</u>.

*Shelly D. Dick*
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

68633