UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRAVIS SHAWN DUNN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-425-SDD-SDJ** |
| **STATE OF LOUISIANA THROUGH THE DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, et al.** | |

### ORDER

Before the Court is a Motion to Compel Discovery and/or for Rule 37 Sanctions ("Motion to Compel") (R. Doc. 50) filed on January 19, 2022, by Plaintiff Travis Shawn Dunn. Defendants filed an Opposition to this Motion (R. Doc. 51) on February 9, 2022. Oral argument on this Motion, specifically regarding the issue of production of video footage, discussed in more detail below, was held before the undersigned on April 28, 2022.[1] For the reasons set forth below, this Motion is denied as moot in part, denied in part, and denied without prejudice in part.

**I.   Relevant Background**

Plaintiff, an inmate currently housed at Angola State Prison, initiated this litigation against Defendants on March 22, 2020, filing suit in the 18th Judicial District Court for the Parish of Iberville, State of Louisiana.[2] On July 3, 2020, Defendants removed the case to this Court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.[3] This case is based on an incident that occurred on May 18, 2019, while Plaintiff was an inmate at Elayn Hunt Correctional Center

---

[1] R. Doc. 66.
[2] R. Doc. 1 at 1; R. Doc. 1-4 at 1-13.
[3] R. Doc. 1 at 2.

("Elayn Hunt").[4]  As alleged by Plaintiff, he and Defendant Sergeant Damesha Johnson ("Sgt. Johnson") engaged in a verbal disagreement, after which Sgt. Johnson threatened Plaintiff with physical harm.[5]  Plaintiff further alleges that Sgt. Johnson subsequently communicated with a fellow security officer and multiple inmates "wherein they discuss[ed], coordinat[ed], plann[ed] and effect[ed] a physical assault" against Plaintiff.[6]  On May 18, 2019, Plaintiff was physically assaulted by five (5) fellow inmates.[7]  As a result of the attack, Plaintiff suffered multiple injuries for which he spent several days in the hospital.[8]

**II.   Law and Analysis**

In his Motion Plaintiff states that he seeks an order "compelling Defendant, State of Louisiana, through the Department of Public Safety & Corrections … to produce video evidence in response to written discovery and to have Defendant Damesha Johnson submit to deposition."[9]  Plaintiff also "seeks the imposition of costs and expenses, including attorney fees, related to the present filing to be taxed against Defendants."[10]  "[A] party served with written discovery must fully answer each interrogatory or document request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).  If a party fails to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move

---

[4] R. Doc. 44 at 4-5.
[5] *Id.* at 5.
[6] *Id.* at 5-9.
[7] *Id.*
[8] *Id.* at 8-9, 11.
[9] R. Doc. 50 at 1.
[10] R. Doc. 50-1 at 14.

to compel responses and for appropriate sanctions under Federal Rule of Civil Procedure 37. *See, e.g., Lauter v. SZR Second Baton Rouge Assisted Living, LLC*, No. 20-813, 2021 WL 2006297 (M.D. La. May 19, 2021). Each of Plaintiff's requests is discussed, in turn, below.

### A.   Production of Video Footage

Plaintiff's first request is for "videographic evidence related to the May 18, 2019 attack on Travis Dunn."[11] Plaintiff has received some video footage from the prison, including "eleven (11) videos of approximately one (1) minute in length each" from "only one angle of the pertinent cellblock tier" and "two additional videos … with a one minute clip of a view of what purports to be the lobby of the pertinent cell block, and a one minute clip if [sic] the tier upon which the incident occurred."[12] Per Plaintiff, "all other videographic evidence relevant to this litigation [was] discarded or destroyed despite actual knowledge of the ongoing nature of Plaintiff's claims," and "[s]uch videographic evidence is incomplete and not comprehensive of all the video that is germane to this matter."[13] In support of this assertion is Defendants' production of "a certification that there is no other video footage."[14] After listing allegedly applicable statutes and policies pertaining to the video footage at issue here, Plaintiff claims that the destruction of all other footage violated Elayn Hunt's policies and procedures for record retention and that, as a result of this alleged spoliation of evidence, sanctions under Rule 37 should be imposed upon Defendants.[15] Further, Plaintiff specifically states that "it appears that no order of this Court will have the effect of additional video production or otherwise be able to correct this deficiency."[16] Thus, per Plaintiff,

---

[11] R. Doc. 50 at 2.
[12] *Id.* at 4.
[13] *Id.* at 4, 5.
[14] *Id.* at 4.
[15] R. Doc. 50-1 at 10-12.
[16] *Id.* at 5.

"an Order compelling the desired evidence would not have the desired effect, and discovery-related sanctions pursuant to Rule 37 are warranted."[17]

Here, despite the characterization of this Motion as a motion to compel, Plaintiff specifically discloses in his Motion, as set forth above and confirmed during oral argument, that he is not, in fact, seeking an order compelling production of this evidence. Rather, he seeks "an order [be] entered acknowledging the spoliation of relevant evidence and that a jury charge will be provided at trial informing the jury of such destruction of evidence and instructing them to apply an adverse inference that any evidence contained on such video footage would have been detrimental to Defendants' defense of the case."[18] Rule 37(e) allows for the imposition of an adverse inference as follows:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> ****
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A) presume that the lost information was unfavorable to the party;
>
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e)(2). "A party seeking the sanction of an adverse inference instruction based upon the spoliation of evidence must establish the following three elements: (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a 'culpable state of mind,' and (3) that the destroyed evidence

---

[17] *Id.* at 7.
[18] *Id.* at 14.

was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Consol. Aluminum Corp. v. Alcoa, Inc.*, 244 F.R.D. 335, 340 (M.D. La. 2006) (citing *Zubulake v. UBS Warburg, LLC*, 220 F.R.D. 212, 220 (S.D.N.Y. 2003)). "In addition, the Fifth Circuit only permits an adverse inference sanction against a destroyer of evidence upon a showing of 'bad faith' or 'bad conduct.'" *Id.* (citing *Condrey v. SunTrust Bank of Georgia*, 431 F.3d 191 (5th Cir.2005); *King v. Ill. Cent. R.R.*, 337 F.3d 550 (5th Cir. 2003); *U.S. v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000)). "Mere negligence is not enough to warrant an instruction on spoliation." *Russell v. Univ. of Tex. of Permian Basin*, 234 F.App'x 195, 208 (5th Cir. 2007) (quoting *Vick v. Tex. Employment Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975)) (modification and internal quotations omitted).

Here, the Court need not reach all factors because Plaintiff has failed to show that Defendants acted in bad faith or with a "culpable state of mind." "For the spoliator to have a 'culpable state of mind,' it must act with fraudulent intent and a desire to suppress the truth." *Consol. Aluminum Corp.*, 244 F.R.D. at 343-44. "Typically, the giving of an adverse inference instruction has been upheld where the facts of the case are extreme, such as where the destroyed evidence was the very automobile that was the subject of the products liability action." *Id.* (citing *Concord Boat Corp v. Brunswick Corp.*, No. 95-781, 1997 WL 33352759 (E.D. Ark. Aug. 29, 1997)). An inference of bad faith is not automatically drawn "simply because documents are destroyed after the initiation of litigation." *Russell*, 234 F.App'x at 208 (citing *Vick*, 514 F.2d at 737).

Plaintiff argues in his Motion that is was a violation of Department of Public Safety and Corrections ("DPSC") and/or Elayn Hunt's policies and procedures to destroy video footage without the proper certification, and that the destruction of the footage, "coupled with the actual

knowledge, as early as June 14, 2019, that there was an ongoing claim concerning the incident, warrants an award of discovery-related sanctions."[19] However, despite these allegations, Plaintiff never once argues—either in his Motion or during oral argument—that Defendants were acting in bad faith or with a culpable state of mind. And no evidence reviewed by the Court supports such an assertion. As a result, Plaintiff has failed to convince the Court that the deleted video footage were motivated by fraud or a desire to suppress the truth, or that Defendants "intended to prevent use of the [video footage] in this litigation." *Consol. Aluminum Corp.*, 244 F.R.D. at 346. Because Plaintiff has failed to show that an adverse inference is warranted here, Plaintiff's request is denied.

### B. Deposition of Defendant Damesha Johnson

Plaintiff's second request in his Motion is for the deposition of Defendant Damesha Johnson. According to the Parties, Johnson has failed to maintain contact with either her counsel or her former employer, DPSC.[20] Upon requesting Johnson's deposition, Plaintiff was informed that defense counsel had not been in contact with her.[21] Following multiple communications between counsel on this issue, the deposition of Johnson was scheduled for January 4, 2022.[22] However, despite a Notice of Deposition being issued and a subpoena delivered to Johnson's last known address, as well as to her counsel, Johnson never contacted her counsel and did not appear for her deposition.[23] Subsequently, "a *process verbal*/Certificate of non-appearance was obtained wherein all counsel agreed that Damesha Johnson was not meaningfully participating in this litigation."[24]

---

[19] R. Doc. 50-1 at 11, 12. Prior to filing the instant litigation, Plaintiff, on June 14, 2019, submitted an Administrative Remedy Procedure regarding the incident, prompting an internal investigation by Elayn Hunt. R. Doc. 50 at 2. Spoliation letters were later sent on May 1, 2020. *Id.*
[20] R. Doc. 50-1 at 6. The Parties also confirmed this at the April 28, 2022 hearing.
[21] *Id.*
[22] *Id.*
[23] *Id.* at 6-7. In their Opposition, Defendants note that Johnson never was served with a deposition subpoena. R. Doc. 51 at 4. *See also* R. Doc. 50-18 at 3-4.
[24] *Id.* at 7.

However, as with Plaintiff's request for additional video footage, Plaintiff states "that an Order compelling the desired evidence would not have the desired effect" and, instead, claims that "discovery-related sanctions pursuant to Rule 37 are warranted."[25] Specifically, Plaintiff "requests an order precluding Damesha Johnson from offering any evidence, testimony or otherwise, at the trial of this matter."[26]

At the conclusion of oral argument, defense counsel stated that he was continuing to try to communicate with Sgt. Johnson. As the Court is of the position that her participation in this litigation would be beneficial to the litigation, it is loath to issue an Order at this stage of the litigation prohibiting Sgt. Johnson's ability to so participate, should she be located and resume participation in this case. As such, the Court will not, at this time, grant Plaintiff the sanction of precluding Sgt. Johnson from testifying or offering any evidence at trial, finding such a request premature. However, the Court will deny the request without prejudice to Plaintiff's right to reurge it at or closer to trial, if warranted.

### C.   Plaintiff's Request for Costs and Fees

Finally, Plaintiff, in his Motion, requests Defendants be ordered to pay all costs and fees associated with filing his Motion to Compel pursuant to Rule 37(d)(3). However, as this Motion is being denied, the Court denies Plaintiff's request for costs and fees.

---

[25] *Id.*

[26] *Id.* at 14. The Parties disagree as to whether Johnson was served with the deposition subpoena and, therefore, had prior notice of same. Per Defendants, Johnson "cannot be sanctioned for failing to appear at a deposition that she received no notice of." R. Doc. 51 at 8. Johnson's deposition subpoena contains an attached Proof of Service which states "no answer [at] door, no vehicles present" and "spoke [with] neighbor directly across street, she stated she hasn't seen anyone [at] residence in a while." R. Doc. 50-18 at 4. As Plaintiff did not serve Johnson with the deposition subpoena prior to her deposition, she could not have known that she was required to appear for same, rendering sanctions unavailable. R. Doc. 51 at 9. Plaintiff counters by noting that defense counsel also was served with the subpoena. R. Doc. 50-1 at 13. However, finding the sanction requested to be premature at this point in the litigation, the Court need not further address this issue here.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery and/or for Rule 37 Sanctions (R. Doc. 50) is **DENIED as moot in part, DENIED in part**, and **DENIED without prejudice in part**. To the extent Plaintiff's Motion seeks an order compelling either production of additional video footage or the deposition of Defendant Sergeant Damesha Johnson, the Motion is **denied as moot**. To the extent Plaintiff's Motion seeks the imposition of sanctions against Defendants pursuant to Rule 37, the Motion is **denied in part** and **denied without prejudice in part**. Plaintiff's request that an adverse inference jury instruction be given regarding the deletion of certain video footage is **denied**. Plaintiff's request that Sgt. Johnson be precluded from offering any evidence or testimony at trial is **denied without prejudice** to the reassertion of this request either during pretrial motion practice or during trial of this matter.

**IT IS FURTHER ORDERED** that Plaintiff's request for costs and fees associated with his Motion to Compel is **DENIED.**

Signed in Baton Rouge, Louisiana, on June 21, 2022.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**